UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT HOLLAND                                                                                   PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:07CV-298-S

AEGON U.S. CORPORATION, et al.                                                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Aegon U.S. Corporation, et al., to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6)(DN 23).[1] The court also has before it the motion of the plaintiff, Robert Holland, for leave to file a third amended complaint (DN 26).

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Documents attached to the pleadings become part of the pleadings and thus may be considered on a motion to dismiss without converting the motion into one for summary judgment. *Commercial Money Center, Inc. v. Illinois Union Insurance Company*, 508 F.3d 327, 335-36 (6th Cir. 2007).

Holland is a former employee of Commonwealth General Corporation ("CGC"). CGC sponsored a plan which provided employees a medical plan, a long- and short-term disability plan, and a retirement plan, each apparently having its own requirements for eligibility.[2] Holland alleges

---

[1] The plaintiff has agreed to voluntarily dismiss Aegon U.S. Corporation.

[2] There may have been other components to the plan. However, as we have not been provided a copy of the complete plan, the court is unaware of any other such components. The court has pertinent portions of the plan documents from which the pending motions can be resolved.

- 2 -

that CGC[3] paid a portion of his premiums for coverage under the medical plan while he was an active duty employee, and later after he became totally disabled in August of 1998. It is unclear to this court whether Holland paid for the optional long-term disability plan that was offered to him. He cites various sections of the disability plan documents, but then states in his proposed third amended complaint that "[t]he Plaintiff to his knowledge, has never been a participant in the Aegon Disability Plan." Proposed Third Amend. Compl., ¶ 14. In any event, we have reviewed and considered all documents relied on by Holland and submitted as exhibits to the various complaints.

The gravamen of Holland's complaint is that after January 1, 2007 he was required to pay the entire cost of the medical plan premium to remain insured. Despite the fact that the medical plan documents themselves state that the plan sponsor reserves the right to increase employee contributions (Medical Plan, p. 101), Holland urges that CGC was precluded from doing so because the payment by CGC of a portion of his medical plan premiums constituted a "benefit" which could not be reduced under the *Commonwealth General Survivor and Disability Plan*.

The documents submitted by Holland make clear that the medical plan, the paid time off program, and the long-term disability plan are separate plans offered as CGC's benefits package. The "Paid Time Off Program and Long-Term Disability Plan Highlights"[4] states, in pertinent part, that "[p]aid time off from work...and Temporary Disability Program are Core benefits. The Core benefits are provided by the Company at no cost to you. In addition, you have the option of purchasing long-term disability coverage to provide income in the event of a disability lasting for more than six months..." There is no mention of the medical plan in this document.

---

[3]CGC was apparently acquired by Aegon U.S. Corporation, but Aegon U.S. is not the sponsor of the Aegon USA, Inc. Medical Plan. The parties agree that Aegon U.S. Corporation is not a proper party to this action. For simplicity and in light of the voluntary dismissal of the Aegon entity, the court will refer to the defendants collectively as "CGC." It also appears that the second amended complaint may not name the correct entities, and that the plaintiffs seek to file a third amended complaint in an effort to correctly name the defendants. Inasmuch as we conclude that no viable claim for relief has been pled herein, we will assume for the sake of argument that proper defendants have been named.

[4]A single page appended to the complaint from the Summary Plan Document.

In 2006, Holland sought to verify his vesting in the Aegon USA Inc. pension plan. He was notified by letter dated October 12, 2006 that "Since you are on Long Term Disability you are still considered an active employee of the company and will continue to accrue towards your benefit." Thus it appears that Holland was a participant in the Long Term Disability Plan. Indeed, he contends that he was receiving disability benefits which he utilized to pay his medical plan premiums after January 1, 2007.

Holland relies upon a provision in the Long-Term Disability Plan which states that "No amendment to the Long-Term Disability Plan...may negate or reduce a benefit to which you are entitled under the Long-Term Disability Plan on account of a claim incurred prior to the Long-Term Disability Plan amendment." Disab. Plan, p. 253. He urges that CMC's payment of a portion of his medical plan premiums was a benefit he received prior to the amendment of the medical plan. He contends that since he is disabled and on Long Term Disability as stated in the October 2006 letter, he cannot be required to pay the entire premium for coverage under the medical plan because the disability plan precludes a reduction in that benefit.

His contention that the payment of a portion of his medical plan premium constitutes a "benefit to which [he is] entitled under the Long-Term Disability Plan" stands unsupported by any evidence in the record. In fact, the disability plan Highlights page indicates that long term disability coverage provides *income* in the event of a disability lasting for more than six months. Holland cites no provision which defines premium payments for medical insurance as a benefit under the disability plan.

Further, the issue of premiums is addressed in the medical plan itself. The medical plan in effect at the time Holland became disabled stated that "If you are an active employee, the Company shares the cost of your medical coverage with you." However, it also stated that the plan sponsor "reserves the right to modify (including implementing or increasing employee contributions), suspend or terminate the Plan, in whole or in part, and/or coverage under the Plan at any time and

for any reason.  An amendment to the Plan, however, may not deprive you of any benefit to which you are entitled to [sic] at the time of the amendment or termination."  Med. Plan, p. 101.  The right to increase employee contributions toward medical plan premiums was clearly retained by the plan sponsor.  Additionally, there is a distinction drawn between "contributions" for plan premiums and plan "benefits," the former being subject to amendment at any time, the latter not.

It is apparent that Holland has not asserted a claim for benefits, despite his employment of the term and his attempt to cobble together various plan provisions.  Thus he has failed to state a claim upon which relief may be granted under 29 U.S.C. § 1132(a)(1)(B).  *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998)(Section 1132 addresses only claims for benefits under an ERISA plan).

Holland urges that he was denied a right to arbitrate his complaint under the Change in Control Plan which became operational in June of 1997.  He also claims that he was denied a copy of this plan.

First, the plan terminated two years from the date of the change in control.  Thus the plan is no longer operational.  Additionally, Holland was not covered by any provision of this plan as his employment status was not affected by the change in control.  Therefore Holland was not entitled to arbitrate the issues he raises here, nor was he entitled to a copy of the change in control plan document.

Finally, Holland attempts to assert a claim for discriminatory treatment, citing 29 U.S.C. § 1182(b)(1), a provision of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").  There is no private right of action under HIPPA that has been recognized.  *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *Smith v. Smith*, 2007 U.S. Dist. LEXIS 58928 (E.D.Ky. 2007).  Therefore this claim is without merit.

For the reasons set forth herein, the Second Amended Complaint will be dismissed and the motion for leave to file a third amended complaint will be denied as futile. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**